# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MCLEMORE, | ) | CASE NO. 4:23-cv-1144 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| COUNTY OF MAHONING, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

In this lawsuit, plaintiff Richard McLemore ("McLemore") asserts claims under 28 U.S.C § 1983 against several defendants, including Wellpath, LLC ("Wellpath").[1] On November 22, 2024, defendants mentioned in a routine status report that Wellpath had filed for bankruptcy. (Doc. No. 48, at 1.) The Court directed defendants to file a status report addressing "whether that bankruptcy proceeding triggers an automatic stay in this matter." (Order [non-document], 11/25/2024.)

Defendants subsequently filed a suggestion of bankruptcy (Doc. No. 49) and attached an interim order from the United States Bankruptcy Court for the Southern District of Texas, which stays "any lawsuits" in which Wellpath is a defendant, including "claims against the Non-Debtor Defendants . . . pursuant to section 362 of the Bankruptcy Code." (Doc. No. 49-2, at 1 n.2, 2.) In light of that order, Wellpath argues this entire case must be stayed. (Doc. No. 49, at 3.) McLemore did not oppose or otherwise respond.

---

[1] The other defendants include two individual employees of Wellpath and various government entities and employees.

Upon the filing of a bankruptcy petition, 11 U.S.C. § 362(a)(1) bars "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor[.]" Accordingly, this action must be stayed at least as to Wellpath, the debtor. *See, e.g.*, *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) ("Clearly, section 362(a)(1) stays any actions against the *debtor*." (emphasis in original)). That much is clear.

A bankruptcy stay may also be extended to encompass non-debtors. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 314 (6th Cir. 2000). It appears the bankruptcy court intended to do so here, as its interim order stayed any case in which Wellpath is a defendant, including "claims against the Non-Debtor Defendants[.]" (Doc. No. 49-2, at 2.) For that reason, several courts have stayed actions in which Wellpath is a defendant in their entirety. *See, e.g.*, *Jones v. County of Fresno*, No. 1:23-cv-1636, 2024 WL 5125809, at *1 (E.D. Cal. Dec. 16, 2024); *Talbert v. President Joe Biden et al.*, No. 1:23-cv-260 (W.D. Pa.) (Stay Order, ECF No. 200); *Crawford v. Tilley*, No. 5:18-cv-623 (E.D. Ky.) (Stay Order, ECF No. 185); *Major v. Halligan, et al.*, No. 1:21-cv-68 (W.D. Pa.) (Stay Order, ECF No. 221); *Henderson v. Correct Care Solutions, et al.*, No. 2:23-cv-1224 (W.D. Pa.) (Stay Order, ECF No. 68).

Several decisions in the Eastern District of Michigan, however, have come to a different conclusion as to the scope of the stay. *See, e.g.*, *Lentz v. Michigan Dep't of Corr.*, No. 2:24-cv-10198, 2024 WL 4874213, at *2–3 (E.D. Mich. Nov. 22, 2024); *Bowser v. Watson*, No. 2:23-cv-10568, 2024 WL 4989327, at *2 (E.D. Mich. Nov. 20, 2024). In concluding that the stay does not cover non-debtors, those decisions rely on the fact that district courts have "'jurisdiction concurrent with the originating bankruptcy court to determine the applicability of the bankruptcy court's automatic stay.'" *Lentz*, 2024 WL 4874213, at *1 (quoting *Baechel v. Republic Storage Sys., LLC*, No. 5:16-cv-1403, 2018 WL 1243424, at *2 (N.D. Ohio Mar. 9, 2018) (Lioi, J.)).

Exercising that jurisdiction, those decisions conclude that the bankruptcy court's interim order "does not cite 11 U.S.C. § 105(a) and does not set forth the preliminary-injunction factors or contain any analysis on the subject" and therefore "does not require a stay of proceedings against" the non-debtor defendants. *Id.* at *1–3; *see also Bowser*, 2024 WL 4989327, at *2–3.

Respectfully, however, this Court joins those decisions that have stayed Wellpath cases as to non-debtors. It appears the bankruptcy court intended to extend the stay to "Non-Debtor Defendants" (Doc. No. 49-2, at 2), which is within its authority. *See, e.g.*, *Parry*, 236 F.3d at 314 (recognizing authority of bankruptcy court to extend a stay to non-debtors); *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (same). To whatever extent the bankruptcy court's order did not properly invoke § 105, that issue is best resolved by the bankruptcy court itself or appealed to the appropriate district court in Texas. *See* 11 U.S.C. § 362(d); *Cap. One Auto Fin. v. Cowley*, 374 B.R. 601, 606 (W.D. Tex. 2006) (reversing a bankruptcy court's order on direct appeal where it "did not make any findings during the hearing or in its final order as to why the injunctive powers of § 105 should be invoked to extend the stay"). To allow this matter to proceed as to the non-debtor defendants strikes the Court as more akin to granting relief from the bankruptcy court's stay order, a power vested in the bankruptcy court. *See* 11 U.S.C. § 362(d); *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983) (identifying the bankruptcy court as the "exclusive authority" to grant relief from a stay).

Moreover, any potential deficiencies in the interim order may well be resolved by the bankruptcy court's final order, which is currently set for a hearing in January 2025. Until such time, the Court defers to the bankruptcy court on this issue and does not consider the lack of § 105 analysis to overcome the bankruptcy court's stated intention to extend the stay to include "Non-

Debtor Defendants[.]" (Doc. No. 49-2, at 2.) *See, e.g.*, *NHI REIT of TX-IL, LLC v. LaSalle Grp., Inc.*, 387 F. Supp. 3d 850, 853 (M.D. Tenn. 2019) (deferring to bankruptcy court on stay issue).

Accordingly, this case is **STAYED** and **ADMINISTRATIVELY CLOSED**, subject to the lifting of the stay as to some or all defendants. Based on the Court's review of the bankruptcy court's docket, it appears a final hearing on the interim stay order is set to occur in January 2025. Wellpath is directed to file a status report updating the Court about the final hearing (and any other relevant matters) no later January 31, 2025.

**IT IS SO ORDERED**.

Dated: December 30, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**